IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ONE SHOT SHOOTING PRODUCTS, LLC,** a Texas Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>**HUNTER'S SPECIALTIES, INC.**, an Iowa Corporation, **and PEAK ROCK CAPITAL, LLC**, a Delaware Limited Liability Company<br><br>Defendant. | Civil Action No.<br><br>**PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT

Plaintiff, One Shot Shooting Products, LLC, (*"One Shot Shooting Products"* or *"Plaintiff"*), by and through its attorneys, files this Complaint against Defendants Hunter's Specialties, Inc., an Iowa Corporation, and Peak Rock Capital, a Delaware Limited Liability Company. In support of this Complaint, Plaintiff alleges and complains as follows:

## PARTIES

1.  One Shot Shooting Products is a Texas Limited Liability Company with its principal place of business in the Eastern District of Texas.

2.  One Shot Shooting Products is the owner of the United States Patent No. DES. 473,280 S entitled "Gun Support."

3.  Hunter's Specialties is incorporated under the laws of the state of Iowa, with its principal place of business located at 6000 Huntington Ct. NE, Cedar Rapids, IA 52402-1268.

1

4. Hunter's Specialties is registered as a taxable entity in the State of Texas, with a registered agent in Texas, Gerald Stewart, and a registered office at 5100 Ft. Av., Waco, TX.

5. Peak Rock Capital is a Limited Liability Company incorporated under the laws of the state of Delaware with its principal place of business located at 13413 Galleria Circle, Suite Q-300, Austin, Texas 78738. Peak Rock Capital has a registered agent and a registered office in the Eastern District of Texas located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. Upon information and belief, Hunter's Specialties, Inc. is owned by Peak Rock Capital, LLC.

7. Upon information and belief, Hunter's Specialties has sold, currently sells, and offers for sale the Accused Product in retail stores and other outlets within this jurisdiction.

## JURISDICTION AND VENUE

8. This is a claim for design patent infringement that arises under the Patent Laws of the United States, including 35 U.S.C. §271, et. seq.

9. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Upon information and belief, Hunter's Specialties transacted business, contracted to supply goods or services, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

11. Hunter's Specialties has over 160 dealers in the State of Texas, including over a dozen dealers located in the Eastern District of Texas. Exemplary locations in the Eastern District of Texas include, but are not limited to, Dick's Sporting Goods, Inc. at 170 E. Stacy Road, Suite 2310, Allen TX 75002; Dick's Sporting Goods, Inc. at 2611 Preston Rd, Frisco TX

75034; Cabelas, at 1 Cabela Drive, Allen TX 75002; Gander Mountain at 151 Market Square Blvd, Tyler TX 75703; Gander Mountain at 2301 University Ave, Texarkana TX 75503; Gander Mountain at 2725 Highway 75, Sherman TX 75091; Academy at 8668 South Broadway Ave, Tyler TX 75703; Academy at 1101 Walton Dr., Texarkana TX 75501; Academy at 2912 Brentwood Dr., Lufkin TX 75901; Academy at 3939 US Hwy 75, Sherman TX 75090; Triple J Lodge at 304 Acker St., Whitehouse TX 75791; and Massey's Outdoor Store at 538 South Shelby St., Carthage TX 75633.

12. Hunter's Specialties is engaged in continuous and systematic activities in the State of Texas and in this district.

13. Upon information and belief, Hunter's Specialties also placed the Accused Product in the stream of commerce with the expectation that they would be bought and sold in its retail stores within this judicial district.

14. Peak Rock Capital and Hunter's Specialties also sell, offer to sell, and market the infringing products through its own interactive website that is available in the Eastern District of Texas, http://hunterspec.com; as well as through its dealers interactive websites that are available in the Eastern District of Texas. Exemplary websites include, but are not limited to, http://walmart.com; http://amazon.com; http://fishpond.com; and http://sportsmanswarehouse.com.

15. Hunter's Specialties is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district, consistent with the principles of due process and the Texas Long Arm Statute, because Hunter's Specialties has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing

3

products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

16. Hunter's Specialties has established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

17. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and 1400 (b) because Hunter's Specialties has done business, has infringed, and continues to infringe the '280 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

## FACTUAL BACKGROUND

18. One Shot Shooting Products owns United States Patent No. DES. 473,280 S (***the '280 Patent***)***,*** titled "Gun Support." A copy of the '280 Patent is attached as Exhibit A.

19. The application that eventually issued the '280 Patent was filed on May 10, 2002.

20. The '280 Patent was issued on April 15, 2003.

21. The inventor of the Patent, Thomas Briggs, assigned all rights in and to the '280 Patent and all rights to sue for past and current patent infringement damages to Plaintiff One Shot Shooting Products.

22. Neither Peak Rock Capital nor Hunter's Specialties has been granted a license or any other rights to the '280 Patent.

23. Hunter's Specialties produces a product called the Johnny Stewart Predator Stick and/or the Johnny Stewart Quik-Shot Shooting stick, which is substantially similar in design to the '280 Patent.

24.     It is believed that Hunter's Specialties has generated significant sales of products incorporating Plaintiff's design, easily exposing Hunter's Specialties to significant liability for its infringement of the '280 Patent.

## FIRST CLAIM FOR RELIEF

## DIRECT INFRINGEMENT OF U.S. PATENT No. DES. 473,280 S

25.     Plaintiff repeats and incorporates by reference its allegations set forth above.

26.     The '280 Patent, a copy of which is attached hereto as <u>Exhibit A</u>, is entitled "Gun Support" and was duly and legally issued by the United States Patent and Trademark Office. One Shot Shooting Products is the owner of all right, title, and interest in and to the '280 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '280 Patent.

27.     Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '280 Patent by making, using, selling and/or offering to sell the Johnny Stewart Predator Stick and/or the Johnny Stewart Quik-Shot Shooting stick, which infringes the claim of the '280 Patent.

28.     Hunter's Specialties acts in manufacturing, selling, and offering to sell the Johnny Steward Predator Stick and/or the Johnny Stewart Quik-Shot Shooting Stick constitute infringement of the '280 Patent.

29.     At least from the time Defendants received this Complaint by which they were given actual notice of the '280 Patent, Defendants infringement was willful under 35 U.S.C. § 284 in that, among other things, Defendants have actual and/or constructive knowledge of the

'280 Patent and continued their infringing conduct in disregard of One Shot Shooting Products' rights.

30. Peak Rock Capital is liable for the infringing activities of its owned subsidiary, Hunter's Specialties.

31. Upon information and belief, defendants Peak Rock Capital and Hunter's Specialties have such a unity of interest, ownership, and control that Hunter's Specialties is the alter ego of Peak Rock Capital. Upon information and belief, Peak Rock Capital manages and controls the affairs of Hunter's Specialties. Observation of the corporate form of Hunter's Specialties as separate from Peak Rock Capital would promote injustice, or result in an inequity. Because Hunter's Specialties is an alter ego of Peak Rock Capital, Peak Rock Capital is liable for the obligations of Hunter's Specialties and judgment may be entered against the parties jointly and severally, in an amount to be more fully proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that, after a trial, this Court enter judgment against Defendant as follows:

A. An entry of final judgment in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendants and all persons or companies in active concert or participation with any of them from further acts of infringement of '280 Patent;

D. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E. Defendants' profits pursuant to 35 U.S.C. § 289;

F. Awarding plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 25 U.S.C. § 285; and

G. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

Respectfully Submitted,

Dated: November 5, 2015

By: /s/  Joseph G. Pia
Joseph G. Pia
Texas State Bar No. 24093854
joe.pia@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*Attorneys for Plaintiff*