**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ONE SHOT SHOOTING PRODUCTS, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **Civil Action No. 2:15-cv-01659-RWS** |
| § | |
| **HUNTER'S SPECIALTIES, INC.,** *ET AL.*, § | |
| § | |
| **Defendants.** § | |

**DEFENDANT HUNTER'S SPECIALTIES MOTION TO TRANSFER VENUE**
**PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant Hunter's Specialties, Inc. ("Hunter's Specialties") respectfully files this
Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404 (a), to the United States District Court
for the Northern District of Iowa, Cedar Rapids Division.

**Table of Contents**

Table of Authorities ..........................................................................................................iii

Table of Exhibits .............................................................................................................. iv

I.     Introduction .......................................................................................................... 1

II.    Facts ...................................................................................................................... 2

III.   Argument ............................................................................................................... 4

      A.    Applicable Law............................................................................................ 4

      B.    This Action Could Have Been Filed in Iowa .............................................. 6

      C.    The Cedar Rapids Division of the Northern District of Iowa is
           Clearly More Convenient than the Marshall Division of the
           Eastern District of Texas .............................................................................7

           1.    The relative ease of access to sources of proof ............................... 7

           2.    The availability of compulsory process to secure witness
                 attendance ..................................................................................... 8

           3.    The cost of attendance for willing witnesses............................... 9

           4.    Other problems that make trial of a case easy, expeditious
                 and inexpensive ........................................................................... 10

           5.    The administrative difficulties flowing from court
                 congestion.................................................................................... 10

           6.    The local interest in having localized interests decided at
                 home ............................................................................................ 11

           7.    The familiarity of the forum with the law that will govern
                 the case ....................................................................................... 12

           8.    The avoidance of unnecessary problems of conflict of laws................ 12

      C.    Summary of Factors Demonstrating that the Cedar Rapids
           Division of the Northern District of Iowa is Clearly More
           Convenient than the Marshall Division of the Eastern District of
           Texas............................................................................................... 13

III.   Conclusion ......................................................................................................... 13

## Table of Authorities

**U.S. Supreme Court Cases**

Norwood v. Kirkpatrick,
349 U.S. 29 (1955)...................................................................................... 6

**U.S. Court of Appeal Cases**

In re Genentech, Inc.,
566 F. 3d 1338 (Fed. Cir. 2009)................................................................... 8

In re TS Tech USA Corp.,
551 F.3d. 1315 (Fed. Cir. 2008).......................................................... 10, 11

In re Volkswagen of America AG,
371 F.3d. 201 (5th Cir. 2004) .............................................................. 5, 10

In re Volkswagen of America AG,
545 F.3d 304 (5th Cir. 2008) ....................................................... 5, 6, 7, 9

**U.S. District Court Cases**

ATEN International Inc. v. Emine Technology Co., Ltd, et al.,
261 F.R.D. 112 (E.D. Tex. 2009)....................................................... 5, 7, 10

DE Technologies, Inc. v. E4X Inc., et al.,
No. 2:10-CV-139, 2011 WL 1113486 (E.D. Tex. March 24, 2011) ...................... 5, 6, 10

EnviroGLAS Products, Inc. v. EnviroGLAS Products, LLC, et al.,
705 F. Supp.2d 560 (N.D. Tex. 2010) ........................................................ 4, 6

Motiva L.L.C. v. Nintendo Co. Ltd.,
No. 6:08-CV-429, 2009 WL 1882836 (E.D. Tex. June 30, 2009)................................... 11

Principal Technologies Engineering, Inc. v. SMI Companies,
No. 4:09-CV-316, 2009 WL 4730609 (E.D. Tex. Dec. 8, 2009) ............................. 11, 12

**Statutes and Rules**

28 U.S.C. § 1391 ............................................................................................ 6

28 U.S.C. § 1400 ............................................................................................ 6

28 U.S.C. § 1404 ..................................................................................... passim

Rule 12, Federal Rules of Civil Procedure ................................................................ 1

Rule 45, Federal Rules of Civil Procedure ................................................................ 8

**Table of Exhibits**

Exhibit 1    Certificate of Formation, Limited Liability Company, for One Shot Shooting Products, LLC (filed October 7, 2015)

Exhibit 2    Records of the Tarrant County, Texas Appraisal District for One Shot Shooting Products, LLC's office located at 925 South Main Street, Unit 3412, Grapevine, Texas 76051

Exhibit 3    Texas counties located within the boundaries of the United States District Court for the Northern District of Texas (http://www.txnd.uscourts.gov/court-locator)

Exhibit 4    United States Patent Des. 473,280, *Gun Support*, to Thomas Briggs of Verdi, Nevada

Exhibit 5    Assignment records from the United States Patent and Trademark Office showing no assignment for United States Patent Des. 473,280 or to assignee "One Shot Shooting"

Exhibit 6    Official correspondence address for attorney Brian C. Kelly for the prosecution of United States Patent Des. 473,280, and official practitioner contact information for attorney Brian C. Kelly, both from the records of the United States Patent and Trademark Office

Exhibit 7    Declaration of John Trull, Chief Executive Officer of Hunter's Specialties, Inc.

Exhibit 8    Iowa counties located within the boundaries of the United States District Court for the Northern District of Iowa, and map to the United States Courthouse in Cedar Rapids, Iowa (both from www.iand.uscourts.gov)

Exhibit 9    Declaration of Jung W. Choi, Chief Financial Officer of Peak Rock Capital, LLC

Exhibit 10   Driving directions from Hunter's Specialties' headquarters in Cedar Rapids, Iowa to the United States Courthouse in Cedar Rapids, Iowa (from www.google.com)

Exhibit 11   Driving directions from Hunter's Specialties' headquarters in Cedar Rapids, Iowa to the United States Courthouse in Marshall, Texas (from www.google.com)

Exhibit 12   Airline flights and map information for flights from Cedar Rapids, Iowa to Shreveport, Louisiana and Longview, Texas (from www.google.com)

Exhibit 13   Driving directions Shreveport, Louisiana to Marshall, Texas and from Longview, Texas to Marshall, Texas (from www.google.com)

Exhibit 14   United States District Courts — National Judicial Caseload Profile (from www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3)

Exhibit 15      Transaction history from the United States Patent and Trademark Office for United States Patent Des. 473,280 showing no litigation history

Exhibit 16      Yellow Pages listings for One Shot Shooting Products in Texas showing no commercial listing (from www.yp.com)

## I.      Introduction

1.      Plaintiff One Shot Shooting Products, LLC ("OSSP") seems to be confused about where the parties in this case are located. OSSP is located in Grapevine, Texas,[1] and its managers are located in Reno, Nevada—neither of which are in the Eastern District of Texas. Hunter's Specialties is located in Cedar Rapids, Iowa, which is also not in the Eastern District of Texas.

2.      Defendant Peak Rock Capital, LLC ("Peak Rock") does not oppose this motion, but is also seeking dismissal under Rule 12(b)(6) as an improperly named party. Notwithstanding Peak Rock's pending motion to dismiss, even if Peak Rock is considered in the venue analysis, it also has no connection to the Eastern District. It is a Delaware Corporation with its offices in the Western District of Texas (Austin) and its registered agent in the Northern District of Texas (Dallas).[2]

3.      Most relevant discovery regarding Hunter's Specialties and the accused product will be centered in Iowa. Key witnesses for Hunter's Specialties are located in Iowa. There are no known employees, relevant witnesses, or relevant documents for any party located in Marshall or, for that matter, the entire Eastern District of Texas. If this case belongs anywhere, it belongs in Iowa.

4.      Defendants request that this Court exercise its discretion and transfer this action to the United States District Court for the Northern District of Iowa, Cedar Rapids Division, pursuant to 28 U.S.C. § 1404, because jurisdiction and venue would be proper there and more convenient for the parties and witnesses.

---

[1] Exhibit 1.

[2] Plaintiff appears to have mistakenly assumed that Grapevine and Dallas are in the Eastern District.  *Cf.* Pl.'s First Am. Compl., Dkt. No. 8, at 2, ¶ 5 (alleging that <u>Dallas</u> is in the Eastern District of Texas), with *id.* at 1, ¶ 1 (alleging that OSSP's "principal place of business is located in the Eastern District of Texas").  Grapevine and Dallas are both in the Northern District (Exhibit 3).

## II.      Facts

5.      This is a suit for alleged patent infringement. OSSP contends that the Hunter's Specialties' Johnny Stewart Predator Stick and/or[3] Johnny Stewart Quik-Shot Shooting Stick infringe United States Design Patent No. D473,280 ("the '280 patent" or "the '280 design patent") (Dkt. No. 8 at 4, ¶ 23).

6.      OSSP was formed on October 7, 2015, which was 12 days before it filed this lawsuit (Exhibit 1 at 1). OSSP has its registered office at 925 Main Street, Unit 3412, Grapevine, Texas 76051 (*Id*.). OSSP's office is located in Tarrant County, Texas (Exhibit 2). Tarrant County, Texas is located in the Fort Worth Division of the Northern District of Texas (Exhibit 3 (http://www.txnd.uscourts.gov/court-locator)).

7.      Thomas Briggs and Cheri L. Briggs, both of Reno, Nevada, are the managers of OSSP (Exhibit 1 at 1).

8.      OSSP's registered agent in Texas is Adam L. Hoyt, whose registered address is also 925 Main Street, Unit 3412, Grapevine, Texas 76051 (Exhibit 1 at 1), in the Northern District of Texas (Exhibit 3).

9.      OSSP has no known business activities other than filing this lawsuit. OSSP has no known office or other place of business other than its registered office address in the Northern District of Texas (Exhibit 1). OSSP has no discernable connection to the Eastern District other than filing this lawsuit and retaining local counsel located in the Eastern District.

10.     The '280 patent lists Mr. Briggs as its sole alleged inventor. At issuance on April 15, 2003, the '280 patent listed Mr. Briggs' address as Box 1158, Verdi, Nevada (Exhibit 4 at 1).

---

[3] Notwithstanding the "and/or" language in the complaint, there is only one product (Exhibit 7 at 1, ¶ 3).

11.     OSSP claims to own all rights to the '280 design patent (Dkt. No. 8 at 4, ¶¶ 18, 21). However, no assignment for the '280 patent has been recorded at the United States Patent and Trademark Office (Exhibit 5).

12.     Brian C. Kelly, who prosecuted the '280 design patent, is located in Reno, Nevada (Exhibit 4; Exhibit 6).

13.     Defendant Hunter's Specialties has its headquarters and principal place of business located at 6000 Huntington Court NE, Cedar Rapids, Iowa, (Dkt. No. 8 at 1, ¶ 3; Exhibit 7 at 1, ¶ 1), which is located in the Cedar Rapids Division of the Northern District of Iowa (Exhibit 8).[4] Hunter's Specialties designed, manufactured, and is the exclusive source for the accused product (Exhibit 7 at 1-3, ¶¶ 3, 10, 15). Peak Rock was not and is not involved in designing, manufacturing, marketing, or selling the accused product (*id.* at 3, ¶ 15; Exhibit 9 at 2 ¶ 5).

14.     Hunter's Specialties has no office, no employees, and no real estate in the Eastern District of Texas (Exhibit 7 at 1-2, ¶¶ 2, 7).

15.     Hunter's Specialties' office in Cedar Rapids, Iowa is approximately six miles or a 14-minute drive from the United States Courthouse in Cedar Rapids (Exhibit 10). By contrast, Hunter's Specialties' office is approximately 833 miles or a 13-hour drive from the United States Courthouse in Marshall, Texas (Exhibit 11).

16.     Shreveport, Louisiana and Longview, Texas are the closest commercial airports to Marshall, Texas with flights to and from Cedar Rapids, Iowa (Exhibit 12). Travel by air is approximately $350-525 per person (*Id.*) and would also involve additional travel by rental car from Shreveport to Marshall or Longview to Marshall (Exhibit 13).

---

[4] http://www.iand.uscourts.gov/e-web/courtinfo.nsf/6f311f8841e7da2488256405006827f0/
a44b0ab5977125848825640300101cff?OpenDocument

17.     The accused product is manufactured in Iowa (Exhibit 7 at 2, ¶ 10).

18.     Hunter's Specialties' records relating to the design, manufacture and sale of the accused product are located in Iowa (Exhibit 7 at 2, ¶ 11).

19.     The corporate records of Hunter's Specialties are located in Iowa (Exhibit 7 at 2, ¶ 12).

20.     Hunter's Specialties' witnesses with knowledge of the design, manufacture, advertising and sale of the accused product are located primarily within Iowa, and none are located in the Eastern District of Texas (Exhibit 7 at 2, ¶¶ 7, 9, 13).

21.     With the exception of local counsel for OSSP, counsel of record in this case are located in the Southern District of Texas (Houston), the Western District of Texas (Austin), and the District of Utah (Salt Lake City) (*See*, e.g., Pl.'s Compl., Dkt. No. 8 at 7; page 13 *infra*).

22.     There are no known witnesses to the alleged infringement located within the Marshall Division, or for that matter, anywhere in the Eastern District of Texas (Exhibit 7 at 2, ¶¶ 6, 9, 13).

23.     As discussed below, all relevant facts, evidence, witnesses, and local interests favor transfer of this case to the Northern District of Iowa.

### III.     Argument

### A.     Applicable Law

24.     Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to another district court or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *EnviroGLAS Products, Inc. v. EnviroGLAS Products,*

*LLC, et al.* 705 F. Supp.2d 560, 569 (N.D. Tex. 2010). The party moving to transfer a case pursuant to § 1404(a) bears the burden of demonstrating why the forum should be changed. *Id.* "The moving party must show 'good cause' and this burden is satisfied 'when the movant demonstrates that the transferee venue is clearly more convenient.'" *DE Technologies, Inc. v. E4X Inc., et al.,* No. 2:10-CV-139, 2011 WL 1113486, *1 (E.D. Tex. [Marshall Division] March 24, 2011) (quoting *In re Volkswagen of America AG,* 545 F.3d 304, 314 (5th Cir. 2008) ("Volkswagen II")).

25.     In determining whether transfer is warranted, the courts apply a two-part inquiry. First, the action must be one that could have been brought in the transferee venue. *ATEN International Inc. v. Emine Technology Co., Ltd, et al.,* 261 F.R.D. 112, 123 (E.D. Tex. [Marshall Division] 2009). Second, the venue transfer must be for the convenience of the parties and witnesses and in the interest of justice. *Id*. The plaintiff's choice of venue is not a factor in this analysis. *Volkswagen II,* 545 F.3d at 314-15. Specifically, the Fifth Circuit considers a number of public and private interest factors. *DE Technologies*, 2011 WL 1113486 at *2; *see also In re Volkswagen of America AG*, 371 F.3d. 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

26.     The private factors relevant to a venue transfer under § 1404(a) include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *DE Technologies*, 2011 WL 1113486 at *2 (citing *Volkswagen II,* 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws in the application of foreign law." *Id.*

27.    To prevail, the movant must demonstrate that the balance of public and private interests favors a transfer. *Volkswagen II,* 545 F.3d at 314. "The list of factors is neither exhaustive nor exclusive and no single factor is given dispositive weight." *EnviroGLAS*, 705 F. Supp.2d at 569-70. However, a "lesser showing of inconvenience" is required for a convenience transfer under § 1404(a) than is required for the more drastic measure of dismissal for *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). In short, the court has broader discretion in a convenience transfer under § 1404(a). *Id.*

### B.    This Action Could Have Been Filed in Iowa

28.    OSSP clearly could have filed this action in Iowa. Under 28 U.S.C. § 1400(b), an infringement lawsuit may be brought in any judicial district "where the defendant resides." And under 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

29.    Hunter's Specialties resides within and was subject to personal jurisdiction in the Cedar Rapids Division of the Northern District of Iowa at the time that OSSP filed suit. Because Hunter's Specialties' principal place of business at the time of suit was in Cedar Rapids, Iowa, Hunter's Specialties is a resident of the Northern District of Iowa under § 1391(c).[5] Thus, under § 1400(b), OSSP could have originally filed this action within the Cedar Rapids Division.

---

[5] Defendant Peak Rock is alleged (incorrectly) to own Hunter's Specialties (Dkt. No. 8 at 2, ¶ 6). Thus, even if Peak Rock were not dismissed pursuant to its concurrently filed Motion to Dismiss, Peak Rock would also be subject to personal jurisdiction in the Northern District of Iowa.

**C.    The Cedar Rapids Division of the Northern District of Iowa is Clearly More Convenient than the Marshall Division of the Eastern District of Texas**

**1.    The relative ease of access to sources of proof**

30.    The relative ease of access to sources of proof supports a transfer to the Northern District of Iowa, Cedar Rapids Division. In *Volkswagen II*, the Fifth Circuit found that the relative ease of access to sources of proof favored the transfer of venue where all the documents and physical evidence were physically located in the transferee venue. *Volkswagen II,* 545 F.3d at 316. Despite technological advances that certainly lighten the relative inconvenience of transporting a large volume of documents, this factor is still a part of the transfer analysis and courts still consider it probative. *ATEN Int'l*, 261 F.R.D. at 123. "Thus, almost invariably, this factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee or transferor venue." *Id.* Whether the documents can be produced electronically is not relevant to the convenience analysis. *Id.* at 124.

31.    The sources of proof relevant to this suit are located within the Cedar Rapids Division. The vast majority of documents and physical evidence relating to Hunter's Specialties' alleged infringement of the '280 patent are located at Hunter's Specialties' principal office, which is located in Cedar Rapids, Iowa. These include any documents relating to the design and development of the accused product, records relating to product sales, and documents relating to Hunter's Specialties' marketing and advertising efforts relating to the accused product (*see* Exhibit 7 at 2, ¶¶ 10, 11, 13). No such relevant documents or physical evidence are located in the Marshall Division (*see id.* at 1-2, ¶¶ 2, 7, 8, 11).[6]

---

[6] To the extent that Defendant Peak Rock is not dismissed pursuant to its concurrently filed Motion to Dismiss, the Court should note that it has no documents related to the design, manufacturing, sales, or marketing of the accused product (Exhibit 7 at 3, ¶ 15; Exhibit 9 at 2, ¶¶ 5, 7).

32.     Aside from documents evidencing any alleged assignment of the patent to OSSP, there are no known documents maintained by OSSP that would be relevant to this litigation. Further, even if there were documents being held by OSSP, those documents would invariably be held by Mr. or Mrs. Briggs in Reno, Nevada or at OSSP's office in the Northern District of Texas. None of OSSP's documents relevant to this lawsuit appear to be located in the Eastern District of Texas or the Marshall Division.

33.     For these reasons, the relative ease of access to the sources of proof weighs heavily in favor of transferring venue to the Northern District of Iowa, Cedar Rapids Division. *See In re Genentech, Inc.*, 566 F. 3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

### 2.     The availability of compulsory process to secure witness attendance

34.     While the parties have not yet made their initial disclosures, Hunter's Specialties is unaware of any witness located within the subpoena power of the Marshall Division. Federal Rule of Civil Procedure 45(c)(3)(A)(ii) states that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii). It is likely that the majority of potential witnesses for Hunter's Specialties live and work within the Cedar Rapids Division (Exhibit 7 at 1-2, ¶¶ 1, 9), which is well outside this Court's subpoena power.[7]

---

[7] Defendants are not aware of any potential witness of Peak Rock (none of whom would be in the Eastern District in any event) who has knowledge of the design, manufacturing, sales, or marketing of the accused product (Exhibit 7 at 3, ¶ 15; Exhibit 9 at 2, ¶ 6).

### 3.    The cost of attendance for willing witnesses

35.    The probable cost and inconvenience to witnesses attending trial also favors a transfer. In evaluating this factor, the Fifth Circuit recognizes a 100-mile threshold. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*. at 205. District courts should also consider "personal costs associated with being away from work, family, and community." *Volkswagen II*, 545 F.3d at 317. "Regardless of the actual likelihood of a particular witness testifying at trial, the relative materiality of the witnesses' testimony is irrelevant to this inquiry…. Thus, all potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in the case." *ATEN*, 261 F.R.D. at 124. When applying the "100 mile rule" the threshold question is whether the venues are more than 100 miles apart and transfer is favored when the transferee venue is a shorter distance away than the transferor venue. *Id.*

36.    Considering that Plaintiff's claims turn on actions by Hunter's Specialties within the Cedar Rapids Division, and OSSP's lone potential involvement is as a very recent assignee of certain alleged rights in the '280 patent, most of the witness testimony is likely to involve Hunter's Specialties' employees. These potential witnesses would have knowledge of Hunter's Specialties' design, development, manufacture, marketing and sales of the allegedly infringing product. Consequently, Hunter's Specialties will likely bear a greater burden arranging travel for

its witnesses. Most of these employees work and live within the Cedar Rapids Division (Exhibit 7 at 2, ¶¶ 7, 9, 13). The travel distance from Hunter's Specialties' office in Cedar Rapids to the Marshall Courthouse is approximately <u>830 miles</u>, whereas the travel distance from Hunter's Specialties' office to the Cedar Rapids Courthouse is approximately <u>6 miles</u> (Exhibits 10, 11). Therefore, transfer of venue to the Cedar Rapids Division would dramatically reduce or eliminate travel and lodging costs to the witnesses, and dramatically reduce any disruption of their work and family routines. Accordingly, the cost of trial attendance for witnesses strongly favors transfer of venue to the Northern District of Iowa, Cedar Rapids Division.[8]

### 4.  Other problems that make trial of a case easy, expeditious and inexpensive

37.     Another practical issue is judicial economy that may arise when one Court already has familiarity with the factual issues in a case. *DE Technologies*, 2011 WL 1113486 at *4. However, since the present case has only just begun and the patent-in-suit has not apparently been litigated before,[9] this factor is neutral.

### 5.  The administrative difficulties flowing from court congestion

38.     For statistics dated June 30, 2015, the Northern District of Iowa has 326 pending cases per judge and a median civil case disposition time of 5 months (Exhibit 14 at 3). For statistics dated June 30, 2015, the Eastern District of Texas has 724 pending cases per judge and a median civil case disposition time of 8.1 months (Exhibit 14 at 2). This factor also favors transfer.

---

[8] For the inventor, the officers of OSSP, and OSSP's patent attorney, Cedar Rapids, Iowa is actually <u>100 miles closer</u> than is Marshall, Texas (Exhibit 17).
[9] Records of the United States Patent and Trademark Office do not show any prior litigation activity for the patent-in-suit (Exhibit 15).

**6.     The local interest in having localized interests decided at home**

39.     The "local interest" factor likewise favors the transfer of this lawsuit to the Cedar Northern District of Iowa, Rapids Division. "This factor analyzes the 'factual connection' that a case has with both the transferee and transferor venues." *Motiva L.L.C. v. Nintendo Co. Ltd.*, No. 6:08-CV-429, 2009 WL 1882836, *6 (E.D. Tex. June 30, 2009) (citing *Volkswagen I*, 371 F.3d at 206). "The Federal Circuit recognized in *TS Tech* that the presence of a party's office within a district should be considered in weighing the public interest in the litigation." *Principal Technologies Engineering, Inc. v. SMI Companies,* No. 4:09-CV-316, 2009 WL 4730609, *5 (E.D. Tex. Dec. 8, 2009) (citing *In re TS Tech USA Corp.,* 551 F.3d. 1315, 1321 (Fed. Cir. 2008)).

40.     The Northern District of Iowa, Cedar Rapids Division has a strong public interest in this matter. Hunter's Specialties' business is run within six miles from the Cedar Rapids Courthouse. Similarly, the allegedly infringing activities occurred within the Cedar Rapids Division. The accused product was designed, developed, manufactured, marketed, and sold within the Cedar Rapids Division. All witnesses having knowledge of these activities and the related documents are primarily located within the Cedar Rapids Division. (Exhibit 7 at 2, ¶¶ 9, 11, 13.)

41.     On the other hand, there is no discernible relationship between the Marshall Division and this lawsuit. Plaintiff apparently has no place of business nor does it conduct any business in the Marshall Division (*see* Exhibit 16 (indicating no Yellow Pages telephone listing in Texas for Plaintiff)). Under these circumstances, OSSP's only apparent reason for choosing to file suit in the Marshall Division appears to be the maximization of inconvenience to Hunter's Specialties.

42.     Plaintiff's allegation upon information and belief, that Hunter's Specialties used, sold, or distributed infringing devices in this District, is insufficient to give the Marshall Division a "local interest" in this matter. The Federal Circuit has held that the "mere sale of allegedly infringing products in the original [transferor] forum did not give that venue a 'substantial interest' in having the case decided locally." *Principal,* 2009 WL 4730609 at *5 (quoting *In re TS Tech,* 551 F.3d. at 1321). There, the court noted that "because the sale of infringing products in the forum 'could apply to virtually any judicial district or division in the United States,' to rely upon that as a basis to find that the district has a localized interest in the controversy 'stretches logic.'" *Id*. (quoting *In re TS Tech,* 551 F.3d. at 1321).

43.     The Northern District of Iowa, Cedar Rapids Division has a much greater factual connection and, therefore, a stronger local interest in this litigation than does the Marshall Division. Accordingly, local interests favor the transfer of this lawsuit to the Cedar Rapids Division. *See In re TS Tech*, 551 F.3d at 1320 (finding that the local interest factor favored Ohio because a "vast majority of identified witnesses, evidence, and events leading to this case involve Ohio or its neighboring state of Michigan").

### 7.     The familiarity of the forum with the law that will govern the case

44.     No state or local laws are at issue in this case. Plaintiff's claims will be governed by federal patent law regarding design patents. Accordingly, this factor is neutral.

### 8.     The avoidance of unnecessary problems of conflict of laws

45.     There are no known conflicts of laws issues, such that this factor is also neutral.

**C.     Summary of Factors Demonstrating that the Cedar Rapids Division of the Northern District of Iowa is Clearly More Convenient than the Marshall Division of the Eastern District of Texas**

46.     In summary, five of the eight *Volkswagen* factors favor transferring this case to the Northern District of Iowa, Cedar Rapids Division. The remaining three factors are all neutral, and <u>none</u> of the factors favors maintaining this lawsuit in Marshall.

### III.     Conclusion

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice, Defendants respectfully request that this Court transfer OSSP's claims to the United States District Court for the Northern District of Iowa, Cedar Rapids Division.

Respectfully submitted on this 11th day of January, 2016.

/s/ Thomas L. Warden
Stewart N. Mesher, *Lead Attorney*
Texas Bar No. 24032738
smesher@conleyrose.com
Darlene F. Ghavimi
Texas Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, Texas 78738
Telephone:(512) 610-3410
Facsimile: (512) 610-3456

Thomas L. Warden
Texas Bar No. 24004174
twarden@conleyrose.com
CONLEY ROSE, P.C.
1001 McKinney Street, Suite 1800
Houston, Texas 77002
Telephone:(713) 238-8000
Facsimile: (713) 238-8008

***Attorneys for Defendants***
***Hunter's Specialties, Inc. and***
***Peak Rock Capital, LLC***

662814-v1/7226-00100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically on January 11, 2016, and pursuant to Local Rule CV-5(a)(3)(A), the Notice of Electronic Filing from the court is proof of service of the document on all counsel who are deemed to have consented to electronic service.


/s/ Thomas L. Warden
Thomas L. Warden

## CERTIFICATE OF CONFERENCE

   Pursuant to Local Rule CV-7(i), I certify that the meet and confer requirements of Local Rule CV-7(h) have been met and that this motion is opposed. Specifically, Stewart Mesher as counsel for Defendants and Joseph Pia as counsel for Plaintiff conferred by telephone on January 6, 2015 in an attempt to resolve the matters at issue in the present motion. These discussions conclusively ended in an impasse regarding the basic relief requested in the present motion, thus leaving an open issue for the court to resolve.


        /s/ Stewart N. Mesher

        Stewart N. Mesher

16